■ JOHN R. KELLIGREW, Respondent, v BENJAMIN RUBENSTEIN et al., Appellants-Respondents. — In an action for an accounting, (1) defendant Rubenstein appeals (a) from an interlocutory judgment of the Supreme Court, Westchester County (Rosenblatt, J.), entered October 26, 1983, which, upon granting summary judgment, directed an accounting in favor of all parties, and (b) as limited by his brief, from so much of an order of the same court, dated November 4, 1983, as, upon reargument, adhered to its original determination and (2) defendant Aurnou appeals from a further order of the same court (Ferraro, J.), entered January 10, 1984, which directed that he furnish a bill of particulars in the same action. ¶ Appeal from the interlocutory judgment dismissed, without costs or disbursements. That appeal was superseded by the order dated November 4, 1983, which was made on reargument. ¶ Order dated November 4, 1983, affirmed insofar as appealed from, and order entered January 10, 1984, affirmed, without costs or disbursements. No opinion. ¶ The stays issued by this court in the above entitled matter, by orders dated January 20, 1984 and February 29, 1984, respectively, are vacated. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.

■ MARTON KLEEP, Appellant-Respondent, v ANITA KLEEP, Respondent-Appellant. — In a matrimonial action, plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Palella, J.), dated May 9, 1983, as granted those branches of defendant wife's motion which sought an increase in the alimony to be paid by plaintiff to defendant from $165 per week to $250 per week and awarded defendant counsel fees of $2,500, and defendant cross-appeals, on the ground of inadequacy, from so much of the same order as limited the award of alimony to $250 per week and the award of counsel fees to $2,500. ¶ Order modified, on the facts, by increasing the alimony awarded to $300 per week. As so modified, order affirmed insofar as appealed from, with costs to be paid by plaintiff. ¶ The alimony awarded was inadequate to the extent indicated. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.